## KELLY v. UNITED STATES.

### No. 12260.

United States Court of Appeals
Ninth Circuit.
Oct. 10, 1949.

Levy Johnson and Max R. Nicolai, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Harry Sager, Asst. U. S. Atty., Sumner, Wash., and Vaughn Evans, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE and POPE, Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

Appellant was indicted, tried and convicted, by a jury, of murder in the first degree without capital punishment.

■ Upon this appeal, he contends that the verdict of the jury was both contrary to the weight of the evidence and not supported by substantial evidence. We have thoroughly studied the record and considered the arguments made and conclude that the verdict is not contrary to the weight of the evidence and is supported by substantial evidence.

■ Appellant has also urged that the trial judge committed prejudicial error in not striking evidence elicited by the Government on cross examination of the wife of appellant to the effect that in family quarrels between appellant and his wife, there were times when appellant beat his wife. The basis of the contention of appellant is that this testimony amounted to evidence of an independent crime unrelated to that charged in the indictment. The record shows that appellant interposed no objection or exception to this testimony and in fact later acknowledged by his counsel that he had no objection. Nevertheless we have considered this contention to see whether or not the circumstances were so exceptional that the testimony seriously affected the fairness or integrity of the trial. We hold that it did not and that upon cross examination the testimony given had a reasonable and proper relation to the state of mind of appellant. Moore v. U. S., 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; Johnston v. U. S., 9 Cir., 22 F.2d 1.

■ Appellant also urged that the trial Court erred in its instruction on the subject of the meaning of the element of premeditation upon a charge of murder in the first degree. We have carefully considered the trial Court's instruction in this regard and find it to be free of error. It emphasized the necessary time element and thus avoided the error commented upon in Jones v. United States, 9 Cir., 175 F.2d 544.

This disposes of the three contentions asserted in this appeal by the appellant.

However, mindful of the fact that this is a capital cause, we have given careful consideration to the entire record and to the arguments and briefs of counsel for the purpose of determining whether in any respect there was any unfairness or like infirmity in the proceedings of the trial Court. Our conclusion is that the defendant had a fair trial and was the beneficiary of meticulous care on the part of the trial judge in seeing to it that all constitutional safeguards were observed.

The judgment is affirmed.